UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| ANTTI PORKKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-cv-_____ |
| | ) | 3:17-cv-245-J-25JRK |
| UNIVERSITY OF SOUTH FLORIDA | ) | |
| BOARD OF TRUSTEES, FLORIDA | ) | |
| COMMUNITY HEALTH ACTION | ) | |
| INFORMATION NETWORK, INC., and | ) | |
| ENROLL AMERICA, INC. D/B/A | ) | |
| COVERING TAMPA BAY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Antti Porkka, for his Complaint against Defendant University of South Florida Board of Trustees ("USF"), Florida Community Health Action Information Network, Inc. ("Florida CHAIN"), and Enroll America, Inc. d/b/a Covering Tampa Bay ("Enroll America") pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, alleges as follows:

### Nature of the Action

1.      This Complaint is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and is based on the Defendants' copying of the Plaintiff's established rights in certain copyrighted artwork.

### Parties

2.      Plaintiff, Mr. Porkka, is a citizen of Finland.

3.      Upon information and belief, Defendant USF is a public body corporate of the State of Florida and a member of the State University System of Florida having its principal

1

place of business at 4202 East Fowler Avenue, Tampa, FL 33620. Pursuant to Fla. Stat. Ann. § 48.111, USF may be served on its Chair, Brian D. Lamb, and in Mr. Lamb's absence, on its Vice Chair, Jordan B. Zimmerman, and in their absences, on any member of the Board of Trustees.

4.      Upon information and belief, Defendant Florida-CHAIN is a Florida not-for-profit corporation having its principal place of business at 5 Sinclair Circle, Indialantic, Florida 32903. Florida CHAIN may be served on its President and Registered Agent, Christine Fisher, at 5 Sinclair Circle, Indialantic, FL 32903.

5.      Upon information and belief, Defendant Enroll America is a Washington, D.C. corporation having its principal place of business at 1001 G Street NW, FL 8, Washington, D.C. 20001. Enroll America may be served on its registered agent Corporation Service Company, 11090 Vermont Avenue NW, Washington, D.C. 20005.

### Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action upon the following grounds:

      a.   28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

      b.   28 U.S.C. § 1332(a), there being diversity of citizenship between the parties;

      c.   28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating Commerce;

      d.   28 U.S.C. § 1338(a), this being a civil action arising under the copyright laws of the United States, namely, the Copyright Act, 17 U.S.C. § 101 *et seq.*;

7.      Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b)(2), as Defendants used Plaintiff's copyrighted work in this District.

2

**Count I:**
**Copyright Infringement, 17 U.S.C. § 101 *et seq.***

8.    As shown on the cover and contents of the notebook shown in Exhibit A, in 1995, Mr. Porkka published in Finland the following work of the visual arts, consisting of two unique vectored elements that abstractly depict the right and left half of the letter "H" (the "'H' Logo"):



9.    Mr. Porkka has at all times owned all copyrights in the "H" Logo, which rights extend to the United States pursuant to the Berne Convention and for which foreign work Mr. Porkka is not required to obtain a registration in the United States prior to filing suit.

10.    As shown in Exhibit B, on April 19, 2016, Mr. Porkka also applied to the U.S. Copyright Office for a copyright registration for the "H" Logo, entitled "Hansel".

11.    As shown in Exhibit C, on information and belief, from March 3, 2014 to the present, Defendants have displayed the following graphic on Defendant USF's website:



12.    As shown in Exhibit D, on information and belief, from August 2014 to the present, Defendant Enroll America displayed the following graphic on the CoveringTampaBay.org website:



13.     As shown above, Defendants' copying of the "H" Logo is digitally identical in every respect to each wing of the "H" Logo, including in such technical matters as the spacing between each side of the abstract "H" design.

14.     Defendants copied more than a *de minimis* portion of the "H" Logo.

15.     Defendants' Work is substantially similar to the protectable elements of the "H" Logo.

16.     Defendants' copying was done without the consent, approval, or license of Plaintiff.

17.     As shown in Exhibit B, on March 6, 2014, Defendants held an event that they describe as follows: "Navigators from USF Health, joined by those from Florida CHAIN and Covering Tampa Bay, will be able to assist 40 people an hour. Representatives from Enroll America will offer education about the Marketplace, and navigators can help individuals and families sort out the coverage choices and guide those interested in enrolling through the application process."

18.     As shown in Exhibit C, on information and belief, from August 2014 to at least 2016, Defendant Enroll America used the infringing design to promote its services that it describes as follows: "Remember, if you need help once you've started an application online, you can save it and schedule an appointment with a Navigator for further assistance."

19.     On information and belief, Defendants received remuneration for each person that they guided through the application process as a "Navigator".

20.     Defendants thus received revenue or profits as a direct result of their infringement of Mr. Porkka's copyright in the "H" Logo.

**Count I:**
**Copyright Infringement, 17 U.S.C. § 101 *et seq.***

21.    Plaintiff incorporates by reference paragraphs 1–20.

22.    The acts of the Defendants complained of herein constitute copyright

infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

23.    Plaintiff has been damaged by the acts of the Defendants complained of herein.

**Count II:**
**Vicarious Copyright Infringement, 17 U.S.C. § 101 *et seq.***

24.    Plaintiff incorporates by reference paragraphs 1–20.

25.    On information and belief, Defendants Florida CHAIN and Enroll America failed

to exercise their right and ability to supervise or control Defendant USF's promotion of the

March 6, 2014 event using an infringement of the "H" Logo.

26.    On information and belief, Defendants Florida CHAIN and Enroll American

enjoyed a direct financial benefit from Defendant USF's infringing activity, by receiving

remuneration for each person that they guided through the application process.

27.    The acts of the Defendants complained of herein constitute vicarious copyright

infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

28.    Plaintiff has been damaged by the acts of the Defendants complained of herein.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court:

(a) Immediately order the impoundment of all copies of the "H" Logo made or used in

     violation of the exclusive right of Plaintiff; of all plates, molds, matrices, masters, or

     other articles by means of which such copies may be reproduced; and of records

     documenting the manufacture, sale, or receipt of things involved in any such

     violation, to be taken into the custody of the court, pursuant to 17 U.S.C. § 503(a);

(b) As part of a final judgment or decree, order the destruction or other reasonable disposition of all copies found to have been made or used in violation of the Plaintiff's exclusive rights in the "H" Logo, and of all plates, molds, matrices, masters, or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503(b);

(c) Permanently enjoin the Defendant from infringing or vicariously infringing the "H" Logo, pursuant to 17 U.S.C. § 502;

(d) Award Plaintiff all monetary remedies to which it is entitled under the Copyright Act, including, without limitation, its actual damages and any additional profits of Defendants, pursuant to 17 U.S.C. § 504(b) and, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c);

(e) Treble, enhanced and punitive damages available under federal law;

(f) Plaintiff's costs and attorney's fees; and,

(g) For such other and further relief as the Court deems just and reasonable.

**Plaintiff demands a jury trial on all issues so triable.**

Dated:  March 2, 2017

_____
Crystal Broughan

MARKS GRAY, P.A.
2215 3rd Street South Suite 101
Jacksonville Beach, FL 32250
Telephone: (904) 285-8760
Email: CBroughan@MarksGray.com

Charles M. Landrum, Esq.
    (seeking admission *pro hac vice*)

SNEED PLLC, *Of Counsel*
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.:  844-763-3347
Email: CLandrum@SneedLegal.com

*Attorneys for Plaintiff, Antti Porkka*