UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ANTTI PORKKA,**

    Plaintiff,

vs.                                            Case No.: **3:17-cv-245-J-25JRK**

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant University of South Florida Board of Trustees' (USF) Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 16), Plaintiff Antti Porkka's (Porkka) Response in Opposition (Dkt. 55), USF's Notice of Filing Supplemental Authority (Dkt. 124), Porkka's Response (Dkt. 127), USF's Reply in Support of Motion to Dismiss (Dkt. 152), and Porkka's Sur-Reply in Opposition (Dkt. 157).

**I.**    **Background**

Plaintiff Antti Porkka (Porkka), a citizen of Finland, brings this copyright infringement action against Defendant University of South Florida Board of Trustees (USF) for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, based on USF's alleged infringement of Mr. Porkka's

copyright in his artwork, the "H" Logo, entitled "Hansel" (Count I); and for vicarious copyright infringement against Defendants, as members of the Covering Florida Consortium (Count II) (Dkt. 9).

## II. Standard

A motion to dismiss that asserts Eleventh Amendment immunity presents a challenge to the subject matter jurisdiction of the court. *Seaborn v. Florida*, 143 F.3d 1405, 1407 (11th Cir. 1998). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be based on facial or factual grounds. *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 & n.5 (11th Cir. 2003).

"Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Id.* In contrast, "[f]actual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings" and the court "may consider extrinsic evidence such as testimony and affidavits." *Id.*

## III. Analysis

In its motion, USF claims that as an instrumentality of the State of Florida, this Court lacks subject matter jurisdiction based on Eleventh Amendment immunity (Dkt. 16).

Mr. Porkka responds that USF does not qualify as an arm of the state for Eleventh Amendment immunity to apply. Alternatively, Mr. Porkka asserts that this Court has jurisdiction because he is entitled to pursue prospective injunctive relief pursuant to the doctrine of *Ex parte Young*, 209 U.S. 123 (1908).

In addition, Mr. Porkka contends that he may seek monetary damages for copyright infringement under the Due Process Clause of the Fourteenth Amendment because no post-deprivation process exists to remedy the alleged harm (Dkt. 55).

Under the Eleventh Amendment, federal courts are barred from entertaining suits against states. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 & n.8 (11th Cir. 2003) (citing U.S. Const. amend. XI.). This Eleventh Amendment immunity extends to arms of the state. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231-32 (11th Cir. 2000).

Courts in this Circuit have determined that USF is an arm of the state entitled to immunity under the Eleventh Amendment. *See, e.g.*, *Maynard*, 342 F.3d at 1287-88; *Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258, 1267 (M.D. Fla. 2016); *Baker v. Univ. Med. Serv. Ass'n, Inc.*, No. 8:16-cv-2978-T-30MAP, 2016 WL 7385811, at *2 (M.D. Fla. Dec. 21, 2016)

(unpublished); *Saavedra v. USF Bd. of Trs.*, No. 8:10-cv-1935-T-17TGW, 2011 WL 1742018, at *2-3 (M.D. Fla. May 6, 2011) (unpublished); *Dismuke v. Univ. of S. Fla. Bd. of Trs.*, No. 8:05-cv-340-T-17-TBM, 2006 WL 166547, at *3-4 (M.D. Fla. Jan. 23, 2006) (unpublished); *Boles v. Gibbons*, 694 F. Supp. 849, 850 (M.D. Fla. 1988). Eleventh Amendment immunity, therefore, generally applies to USF.

Mr. Porkka argues that USF's conduct—marketing insurance policies on behalf of the U.S. Department of Health and Human Services (HHS) to the general public—exceeded its enumerated powers and duties, and therefore, Eleventh Amendment immunity does not apply (Dkts. 55; 133).

"Florida defines the USF Board to be a part of the state government . . . lists USF as a '[s]tate university' . . . [and] declares that the 'boards of trustees [of state universities] are a part of the executive branch of state government.'" *Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1235 (11th Cir. 2017) (quoting Fla. Stat. §§ 1000.21(6)(d), 1001.71(3)).

Pursuant to the Florida Constitution, the purpose of the state university system is to provide a "public service for the benefit of Florida's citizens, their communities and economies." Fla. Const. art. IX, § 7(a).

USF's stated mission for its College of Public Health "is to provide excellence in public health education, leadership, advocacy, research and

service . . . and to deliver enhanced health and well-being to all humankind through collaborative partnerships with researchers, educators, health professionals and administrators." (Dkts. 9, ex. 3; 130, ex. 2, p. 3). As alleged, USF's conduct related to its health insurance program is not inconsistent with its stated purpose (Dkts. 9, 130).

Further, the State of Florida controls USF through its board of trustees, who are governed by a statewide Board of Governors of the state university system who "establish the powers and duties of the boards of trustees." See Fla. Const. art. IX, § 7; Fla. Bd. of Governors Reg. 1.001(1).[1]

Next, Mr. Porkka asserts that USF received its funds for the conduct at issue from HHS, not the State of Florida (Dkt. 55, pp. 6-7).

USF is funded through the state budget process; therefore, "the State of Florida funds USF." See CoMentis, 861 F.3d at 1236 (citing Fla. Stat. §§ 1001.705, 1001.706(4); Fla. Bd. of Governors Reg. 1.001(6)); Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985) ("Where the budget of an entity is submitted to the state for approval, this suggests that the entity is an agency of the state.").

---

[1] The Court takes judicial notice of the State University System of Florida Board of Governors Regulation 1.001 and USF's public records (Dkts. 129; 133, ex. 1).

5

"Not only does the state legislature fund the USF's budget . . . the Board of Governors secures a comprehensive general liability insurance for state universities and the boards of trustees must maintain coverage under the State Risk Management Trust Fund." *CoMentis*, 861 F.3d at 1236-37 (internal citations omitted); *see* Fla. Stat. §§ 284.30, 1001.72(2), 1001.706(4).

Judgments against an agency of the state are assumed by the state through its risk management trust fund. *Miccosukee Tribe of Indians of Fla.*, 226 F.3d at 1234; *Saavedra*, 2011 WL 1742018, at *2 ("Any award of damages against Defendant [USF Board of Trustees] would come from the State of Florida."). Thus, the state is responsible for any judgment against USF and its source of funding does not change its Eleventh Amendment immunity.

Congress may, however, abrogate a state's Eleventh Amendment immunity. *Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents*, 633 F.3d 1297, 1312 (11th Cir. 2011) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)). Notwithstanding, the Eleventh Circuit has held that Congress may not abrogate a state's Eleventh Amendment immunity from copyright liability. *Id.* at 1315 (citations omitted). Nor has immunity been waived. *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("This court has

held that section 768.28 does not waive Florida's Eleventh Amendment immunity.").

Mr. Porkka raises an alternative argument for the first time in his response that the Court has jurisdiction over his claim because he may seek monetary damages for copyright infringement under the Due Process Clause of the Fourteenth Amendment as no post-deprivation process exists to remedy the alleged harm (Dkt. 55, p. 2).

"A copyright is a property interest protected under the Due Process Clause." *Nat'l Ass'n of Bds. of Pharm.*, 633 F.3d at 1317. Yet, Mr. Porkka has not alleged that he was "deprived of a constitutionally-protected property interest as a result of state action" in his Amended Complaint. *See id.*; *Nettleman v. Fla. Atl. Univ. Bd. of Trs.*, 228 F. Supp. 3d 1303, 1312-13 (S.D. Fla. 2017).

The Court therefore declines to address an argument Mr. Porkka has raised for the first time in his response. *See Eiras v. Florida*, 239 F. Supp. 3d 1331, 1342 (M.D. Fla. 2017). Even if the Court were to consider this argument, Eleventh Amendment immunity bars Mr. Porkka's due process claim. *See Uberoi v. Supreme Court of Florida*, 819 F.3d 1311, 1313-14 (11th Cir. 2016).

Likewise, Mr. Porkka's claim for prospective injunctive relief pursuant to *Ex parte Young* is inapplicable as Mr. Porkka's allegations are against USF and not any individual officers or members of its board. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (concluding that the *Ex parte Young* doctrine "has no application in suits against the States and their agencies"); *Uberoi*, 819 F.3d at 1314 (deciding that the *Ex parte Young* exception to Eleventh Amendment immunity did not apply because plaintiff did not sue any individual state officers); *cf. Nat'l Ass'n of Bds. of Pharm.*, 633 F.3d at 1303, 1308, 1311-12 (discussing that injunctive relief is permissible against state officers, such as members of a university's board and university officials).

In conclusion, USF is entitled to Eleventh Amendment immunity. While Congress may abrogate a state's Eleventh Amendment immunity, it has not validly abrogated a state's Eleventh Amendment immunity from copyright claims. Nor has copyright liability been determined to abrogate state Eleventh Amendment immunity under the Due Process Clause of the Fourteenth Amendment.

Consequently, Mr. Porkka's copyright infringement claim is barred. Accordingly, it is

**ORDERED:**

Defendant University of South Florida Board of Trustees' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 16) is **GRANTED**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16 day of February, 2018.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record